UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN MARKEY, Ph.D., | ) | Civil No. 09cv066 L(AJB) |
| Plaintiff, | ) ) ) | **ORDER GRANTING MOTION TO REMAND [doc. #28]** |
| v. | ) | |
| VERIMATRIX, INC., | ) ) | |
| Defendant. | ) ) | |

Plaintiff filed his action in the Superior Court of California, County of San Diego. Defendant removed the action on the basis of federal question jurisdiction. Currently pending is plaintiff's motion to remand which has been fully briefed. The Court finds this motion suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

"Any civil action of which the district courts have original jurisdiction founded on a claim

or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

> The Court has consistently interpreted jurisdictional statutes with an "arising under" qualification . . . as "giv[ing] the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

*Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)); *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed "'[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Abrego Abrego*, 443 at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

Whether removal is proper is "determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 977, 976 (9th Cir. 2006). In the present case, the complaint, on its face, asserted three state law causes of action:

misappropriation of trade secrets, unjust enrichment, and violation of California Business and Professions Code § 17200 for unlawful business practices.  In its notice of removal, defendant based removal on federal question jurisdiction stating that "[b]ecause plaintiff's second and third causes of action are preempted by the Federal Copyright Act, this Court has original jurisdiction over plaintiff's complaint under 28 U.S.C. § 1338(a)."[1]  (Notice of Removal at 5.)   After an early neutral evaluation conference and a case management conference, the parties jointly moved for the dismissal of plaintiff's second and third causes of action without stating the reason for their agreement.  (Joint Motion at 2. [doc. #20])   Thus, misappropriation of trade secrets remains the sole cause of action.

Assuming that original jurisdiction existed at the time the complaint was removed because plaintiff's second and third state law causes of action were preempted under the Federal Copyright Act, the dismissal of these federal claims does not affect subject matter jurisdiction. *Williams v. Costco Wholesale Corporation*, 471 F.3d 975, 977 (9th Cir. 2006).  But dismissal of all federal claims authorizes the district court to remand the pendent state law claims. *Id.*  In other words, the Court has discretion to continue the exercise of its jurisdiction over the state law claim on the basis of supplemental jurisdiction, or it may remand the claim to state court. *See* 28 U.S.C. § 1367(c)(3).  But if, as defendant argues, the "plaintiff's trade secret misappropriation claim is actually a claim for patent infringement," the Court must exercise its original jurisdiction over the federal claim that was removed. *Williams*, 471 F.3d at 977.

The question therefore is whether the state law misappropriation of trade secrets claim provides a basis for federal jurisdiction.  "[F]or a state law claim to provide a basis for federal jurisdiction, the state law claim must 'turn on substantial questions of federal law,' and 'really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect

---

[1] The Court makes no finding whether plaintiff's second and third state law causes of action were preempted under the Federal Copyright Act.  Rather, the Court will assume for purposes of this motion only, that the Court had original jurisdiction of the action at the time it was removed.  The Court notes, however, that plaintiff states that he dismissed the second and third causes of action on the basis of the exclusivity provision found in California's Uniform Trade Secrets Act and not because the claims arose under the Federal Copyright Act. *See* CAL. CIV. CODE § 3426.7.

of [federal] law.'" *Williston Basin Interstate Pipeline*, 524 F.3d 1090, 1102 (9th Cir. 2008) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

The elements of a claim for misappropriation under California law consist of the following: (a) the plaintiff invested substantial time, skill or money in developing its property; (b) the defendant appropriated and used the plaintiff's property at little or no cost to the defendant; (c) the defendant's appropriation and use of the plaintiff's property was without the authorization or consent of the plaintiff; and (d) the plaintiff can establish that it has been injured by the defendant's conduct. *United States Golf Assn. v. Arroyo Software Corp.*, 69 Cal. App.4th 607, 618 (1999).

A patent infringement analysis involves two steps: (1) the court must "determine[ ] the scope and meaning of the patent claims asserted"; and (2) the court must then compare "the properly construed claims ... to the allegedly infringing device to determine whether the accused device infringes the asserted claims." *CyborCorp. v.FASTechs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir.1998) (internal citation omitted). "A patentee claiming infringement must present proof that the accused product meets each and every . . . limitation" of the claim at issue. *Forest Labs., Inc. v. Abbott Labs.*, 239 F.3d 1305, 1310 (Fed. Cir. 2001). Moreover, "[a]n accused device cannot infringe, as a matter of law, if even a single [claim] limitation is not satisfied." *Digital Biometrics, Inc. v. Indentix*, 149 F.3d 1335, 1349 (Fed. Cir. 1998). Furthermore, literal infringement of a claim exists if "every limitation recited in the claim is found in the accused device, i.e. when the properly construed claim reads on the accused device exactly." *Amhil Enters., Ltd. v. Wawa, Inc.*, 81 F.3d 1554, 1562 (Fed. Cir. 1996).

A careful review of plaintiff's misappropriation of trace secret claim as found in the complaint does not suggest a basis for federal jurisdiction. The issue presented for decision is not whether plaintiff's patents are valid or invalid or are or are not being infringed but whether his intellectual property was misappropriated. Mere reference to the fact that plaintiff's intellectual property was patented does not turn on a substantial question of federal law. Plaintiff is not seeking to prove his trade secrets are protected under federal patent law and that defendant infringed on the patent. And the Court is not called to determine in any manner the

scope and meaning of plaintiff's patent in order to consider the alleged trade secret misappropriation. The misappropriation of trade secret claim does not 'turn on substantial questions of federal law,' and does not 'really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law.'" *Williston Basin*, 524 F.3d at 1102. Instead, the sole remaining claim in the complaint is based solely on California law. As a result, the Court does not have original jurisdiction over plaintiff's claim.

As noted above, a district court may decline to exercise supplemental jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2) the state law claim substantially predominates over the federal claims; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) if there is some other exceptional and compelling reason to decline jurisdiction. 28 U.S.C. § 1367(c). In deciding whether to exercise supplemental jurisdiction, the court considers the interests of judicial economy, convenience, fairness and comity. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997); *Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001). Here, the claims over which the Court arguably had original jurisdiction have been dismissed, and the only remaining claim is a state law claim. Because only a single state law claim remains, the state law claim necessarily substantially predominate over the federal claims. Furthermore, the interests of judicial economy and convenience do not militate in favor of exercising supplemental jurisdiction.

For the foregoing reasons, the Court in its discretion declines to exercise its supplemental jurisdiction over plaintiff's state law claim and plaintiff's motion to remand is **GRANTED**. The Clerk of the Court is directed to promptly return this action, *Markey v. Verimatrix*, Case No. 37-2008-00099311-CU-IP-CTL, to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

DATED: July 22, 2010

M. James Lorenz
United States District Court Judge

/ / /

/ / /

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL